IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-477-MOC-DCK

| | |
|---|---|
| 401 SOUTH MINT APARTMENTS INVESTORS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) MEMORANDUM AND ) RECOMMENDATION |
| JASON ARIAS, | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Remand" (Document No. 4) and "Motion For Sanctions" (Document No. 5). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to remand be <u>granted</u> and the motion for sanctions be <u>denied</u>.

## BACKGROUND

Plaintiff 401 South Mint Apartments Investors, LLC ("Plaintiff" or "Element Uptown") initiated this action with the filing of its "Complaint In Summary Ejectment" (Document No. 1, p. 5) on or about August 20, 2018, in the District Court Division-Small Claims of Mecklenburg County, North Carolina, Case No. 18-CVM-20288. The Complaint alleges that Defendant Jason Arias ("Defendant" or "Arias") failed to pay monthly rent of $2801.00 when due on August 1, 2018. (Document No. 1, p. 5). Defendant received a "Magistrate Summons" (Document No. 1, p. 4) on or about August 21, 2018, commanding him to appear at a trial on August 30, 2018.

Defendant, appearing *pro se*, filed a "Petition For Removal And Federal Stay Of Eviction Pursuant to USC 1441 (B)" (Document No. 1, pp. 1-2) on August 29, 2018. Defendant contends that the underlying proceedings in State court violate the Uniform Commercial Code of 15 U.S.C. 1692, and that Plaintiff's attempt to collect a debt violates the Fair Debt Collection Practices Act. (Document No. 1, pp. 1-2). Defendant further contends jurisdiction with this Court is appropriate pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(a). (Document No. 1, p. 2).

On October 11, 2018, Plaintiff filed the pending "Motion To Remand" (Document No. 4) and "Motion For Sanctions" (Document No. 5). The Court issued a "Roseboro Notice" (Document No. 6) advising *pro se* Defendant of his right to respond and setting a response deadline of November 2, 2018. To date, Defendant has not filed a response, or made any other filing in this case since his initial "Petition For Removal…" (Document No. 1) on August 29, 2018.

This matter is now ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr.

**DISCUSSION**

Plaintiff's "Motion To Remand" asserts that the cause of action giving rise to this matter is a common law breach of contract, codified under North Carolina law pursuant to N.C.Gen.Stat. § 42-3 and § 42-26, and properly before the North Carolina District Court pursuant to N.C.Gen.Stat. § 7A-240. (Document No. 4, p. 2). Plaintiff notes that there is neither the diversity of citizenship between the parties, nor an amount in controversy exceeding $75,000.00, required to support removal pursuant to 28 U.S.C. §§ 1332 and 1441. Id.

In addition, to the extent Defendant suggests there is a federal question here, Plaintiff argues that the Complaint in this matter relies solely on a state law claim. (Document No. 4, pp. 2-3). Plaintiff asserts that "it is well settled that 'the question whether a claim 'arises under' federal

2

law must be determined by reference to the 'well pleaded complaint' and 'a defense that raises a federal question is inadequate to confer federal jurisdiction.'" (Document No. 4, p. 2) (quoting Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). See also Taylor v. Bank of America, N.A., 3:18-CV-288-MOC-DSC, 2018 WL 4137097 (W.D.N.C. July 17, 2018) and Monteith v. Shaia, 1:16-CV-394-MOC-DLH, 2017 WL 2273171 (W.D.N.C. May 5, 2017).

Defendant concludes that the "Petition For Removal…" fails to state any discernible grounds for removal, and that there is no federal question or diversity here to convey jurisdiction to this Court. (Document No. 4, p. 3).

As noted above, Plaintiff has also filed a "Motion For Sanctions" and seeks costs and expenses, including attorney fees, pursuant to 28 U.S.C. § 1447. (Document No. 5); see also (Document No. 4, p. 3). Plaintiff contends that Defendant stated in open court in Mecklenburg County District Court-Small Claims, on August 30, 2018, that "he filed the Petition For Removal for the sole purpose of securing more time to obtain funds necessary to pay his outstanding balance." (Document No. 5, p. 2). Thus, Plaintiff concludes that Defendant removed this matter for an improper purpose causing unnecessary delay and increasing the cost of litigation in violation of Fed.R.Civ.P. 11. Id.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the *pro se* plaintiff).

3

Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." In re Bulldog Trucking, 147 F.3d 347, 352 (4th Cir. 1998); see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The undersigned finds that the underlying Complaint fails to establish federal subject matter jurisdiction on either federal question or diversity grounds. Moreover, Defendant has declined to make any attempt to rebut Plaintiff's arguments, and the undersigned finds those arguments for remand to be compelling.

To the extent Plaintiff seeks sanctions against this *pro se* Defendant, the undersigned will respectfully recommend that such request be denied without prejudice. While the undersigned is troubled by Defendant's alleged statement in State court, at this time, this Court should decline to award sanctions. The undersigned expresses no opinion as to whether Plaintiff might seek such sanctions in State court, or how this Court should rule if Defendant pursues further action in this Court related to the underlying Complaint.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiff's "Motion To Remand" (Document No. 4) be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion For Sanctions" (Document No. 5) be **DENIED WITHOUT PREJUDICE**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 13, 2018

David C. Keesler
United States Magistrate Judge